# IN THE COURT OF APPEALS OF IOWA

No. 25-0027
Filed October 29, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JUSTIN PATRICK MEADE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Johnson County, Jason A. Burns,

Judge.


        A defendant appeals the guilty plea and sentence for his conviction of

harassment in the first degree.  **AFFIRMED.**


        Dan Vondra of Vondra Law Office PLC, North Liberty, for appellant.

        Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney

General, for appellee.


        Considered without oral argument by Schumacher, P.J., and Badding and

Langholz, JJ.

**BADDING, Judge.**

In a written guilty plea to first-degree harassment, Justin Meade admitted that he "harass[ed] the victim" and "threaten[ed] to commit a forcible felony." According to the minutes of testimony,[1] the victim was the owner of a bar who had once been friends with Meade. And the threat was that Meade would shoot the victim's young daughters. The district court accepted Meade's guilty plea and sentenced him to 180 days in jail. Meade appeals, claiming that his guilty plea was not knowing or voluntary because it lacked a factual basis and that the court abused its discretion by declining to suspend his sentence.

Because Meade's jail sentence was neither mandatory nor agreed upon, he has established good cause to proceed with this direct appeal. *See* Iowa Code § 814.6(1)(a)(3) (2023); *State v. Hightower*, 8 N.W.3d 527, 534 (Iowa 2024). But even though we have *jurisdiction* to decide both issues, we lack the *authority* to act on Meade's challenge to the factual basis for his guilty plea. *See State v. Rutherford*, 997 N.W.2d 142, 146 (Iowa 2023) ("Even though we have jurisdiction over Rutherford's appeal, we must still consider whether we have the authority to resolve his factual basis challenge.").

Under Iowa Rule of Criminal Procedure 2.24(3)(a)(2), "[a] defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal." This rule does not apply unless the defendant was advised during the plea proceedings "that challenges to the plea must be made in a motion in arrest of

---

[1] Meade agreed the district court could rely on the minutes to provide a factual basis for his plea.

judgment and that the failure to challenge the plea by filing the motion within the time provided prior to sentencing precludes a right to assert the challenge on appeal." *Hightower*, 8 N.W.3d at 535 (cleaned up).

Meade failed to file a motion in arrest of judgment, and he does not dispute that he was advised of the need to file the motion and the consequences of failing to do so. Thus, his challenge to the guilty plea is not preserved for our review. *See State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021) (stating a "failure to file a motion in arrest of judgment precludes appellate relief"). Meade contends, however, that his failure to file the motion resulted from ineffective assistance of counsel. But that argument is foreclosed by Iowa Code section 814.7, which deprives us of authority to decide ineffective assistance claims on direct appeal. *See id.* Meade's attempts to avoid the impact of this statute have been rejected by our supreme court. *See, e.g.*, *Rutherford*, 997 N.W.2d at 147; *Treptow*, 960 N.W.2d at 107–08. While Meade urges us to depart from this precedent, we cannot do so as an intermediate appellate court. *See State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014) ("We are not at liberty to overrule controlling supreme court precedent."). For these reasons, we lack authority to address Meade's challenge to his guilty plea.

This leaves us with Meade's challenge to his jail sentence. He asserts that the district court abused its discretion "by failing to adequately consider his needs for medically managed inpatient treatment for mental health and substance abuse disorders." *See State v. Martin*, 2 N.W.3d 271, 275 (Iowa 2024) (reviewing a sentence within statutory limits for an abuse of discretion). We disagree.

Early in the proceedings, Meade participated in an evaluation, which recommended that Meade receive medically managed intensive inpatient treatment at an integrated behavioral health facility. Meade agreed with the recommendation, and he was referred to two integrated behavioral health facilities. But Meade, who was not in custody while his case was pending, never followed through with the treatment.

At the sentencing hearing eighteen months later, defense counsel urged the district court to place Meade on probation so that he could receive mental-health and substance-use treatment. The court declined to do so, explaining:

> [Q]uite a bit of discussion was made about crafting a sentence that allows you to complete or follow through with the recommendations for treatment. But you've had a year and a half to do so, and you have neglected to follow through with those recommendations up to this point.
>
> And although I do agree with [defense counsel] that I don't like to warehouse people, as he put it, for substance abuse or mental health issues, I would also state that anybody that I sentence to a term of incarceration I'm sentencing not because they have mental health or substance abuse issues, but because they have violated the law. And they've violated a law that, if I sentence someone to a term of incarceration, is because I've deemed it to be a public safety concern.
>
> And I'm trying to figure out why a person with as many resources as you may have has wasted the opportunities as much as you've wasted them. You've had a pretty strong recommendation, that at that time you were in agreement with, of going to one of the facilities that were deemed to be both leaders in the field of integrated health is how it is indicated, and you just didn't do it. And I dare say that if you had followed through with some of those recommendations and actually done what was recommended of you, you may have avoided a number of the issues that you've had since that time.
>
> The charge that's before the Court at this time is one that I take very seriously, because if you are, in fact, suffering from mental health or substance abuse issues, that adds another level of danger to the situation. You know, if there's a heat-of-the-moment comment that's made, you know, that's one thing. It's not excusable, but in some instances, it's understandable.

But if you couple that with untreated mental health concerns or untreated substance abuse concerns, it elevates what I consider to be the dangerousness of that situation, because when you make a threat or you make a statement that you intend to harm another person, I think the possibility of you following through with that statement is increased when you have not taken care of those issues that you should have taken care of.

So I want you to know that I take this matter very seriously. And I think it's an aggravating factor that you have not followed through with the recommendations that were made as part of your mental health evaluations.

It's clear from this explanation that the court considered Meade's need for treatment. Indeed, Meade seems to concede that point in arguing the court "gave little consideration" to this issue. Distilled down, he is simply asking us to reweigh the sentencing factors in Iowa Code section 907.5(1). But that is not our task on appeal. *See State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002) (noting we are not "to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds").

"Sentencing decisions that fall within the statutory limits," as this one does, "are cloaked with a strong presumption in their favor." *State v. McCalley*, 972 N.W.2d 672, 676 (Iowa 2022) (cleaned up). "We afford sentencing judges a significant amount of latitude because of the discretionary nature of judging and the source of the respect afforded by the appellate process." *Id.* (citation omitted). "The test for whether a sentencing court abused its discretion is not whether we might have weighed the various factors differently." *State v. Gordon*, 998 N.W.2d 859, 863 (Iowa 2023). The authority to weigh those "competing factors to reach a sentencing decision is the essence of the discretion given to a sentencing judge." *State v. Phillips*, 996 N.W.2d 419, 422 (Iowa Ct. App. 2023).

The record shows that the district court acknowledged Meade's mitigating circumstances but found that his failure to address his mental-health and substance-use issues increased the risk to public safety. These were appropriate and reasonable considerations. *See* Iowa Code §§ 901.5, 907.5(1). Because nothing in the record suggests that Meade's sentence was based on unreasonable or untenable grounds, we affirm.

**AFFIRMED.**